**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**SAN ANGELO DIVISION**

                                                CASE NO. 6:08-CV-009-J
                                                HONORABLE Mary Lou Robinson
                                                JURY

| | |
|---|---|
| BRIAN STAUFFER, Individually And On Behalf Of All Other Persons Similarly Situated, | § § § |
| Plaintiffs, | § § |
| VS. | § § |
| SHANNON MEDICAL CENTER | § § |
| Defendant. | § § § § |

**PLAINTIFFS' MOTION TO CERTIFY A SETTLEMENT CLASS**
**AND MEMORANDUM IN SUPPORT THEREOF**

      Plaintiff BRIAN STAUFFER ("Plaintiff"), submits this motion for certification of a class for settlement purposes only pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure (the "Settlement Class").

**I.**      **BACKGROUND FACTS**

      In 2003 Congress enacted the Fair and Accurate Credit Transactions Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud.  One section of FACTA provides:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C. § 1681c (g)(1).

      Defendant regularly accepts credit and debit card charges as payment in its business. Defendant regularly provides receipts of credit and debit card transactions to the cardholder at the

point of sale or transaction.  Plaintiff filed this cause against Defendant alleging that on and after December 4, 2006, Defendant regularly printed a receipt for its credit and debit card transactions that Defendant provided to the cardholder at the point of sale or transaction that included more than the last 5 digits of the card number.

Defendant vigorously denies any and all allegations of liability or wrongdoing. Specifically, and without limitation, Defendant asserts that the FACTA statute does not prohibit the printing of the expiration date, that Plaintiff lacks standing to assert a claim in the absence of actual damages, and that Defendant did not willfully violate the statute.  Defendant further asserts that a litigation class, as opposed to a settlement class, is not appropriate in this case.

The proposed settlement calls for a Rule 23(b)(2) injunctive/declaratory judgment class on a limited basis. (See Agreement, attached as Exhibit A to the Joint Motion for Preliminary Approval.)  The settlement agreement provides that "The primary relief sought by Plaintiff is to prevent Defendant from further violations of 15 U.S.C. § 1681c (g)(1).  Any potential statutory damages recoverable in this case would be incidental to an injunction because FACTA establishes a fixed sum as statutory damages."  Importantly, the settlement provides that each class member shall retain their right to sue Defendant for their actual economic damages, if any, suffered as a result of Defendant's violation of FACTA.

## II.    THE PROPOSED SETTLEMENT CLASS

By this Motion, Plaintiffs seek Court certification of a Rule 23(b)(2) Settlement Class to be defined as:

> All individuals who used their credit or debit card within the United States in any sale or transaction occurring after December 4, 2006, with SHANNON MEDICAL CENTER.  Specifically excluded from the class are all federal judges and members of their families within the first degree of consanguinity, and the officers, directors and counsel of record of Defendant.

By the terms of the Settlement Agreement, Defendant does not object to the certification of this Class for the limited purpose of Class Settlement.

### III. THE CRITERIA FOR CERTIFICATION OF THE SETTLEMENT CLASS HAVE BEEN SATISFIED

The United States Supreme Court has stated that a class can be certified for settlement purposes only, provided that the class meets the criteria of Rule 23. *Amchem Prods. v. Windsor*, 521 U.S. 591, 618, 621 (1997). Settlement classes "afford[] considerable economies to both the litigants and the judiciary and [are] also fully consistent with the flexibility integral to Rule 23." *In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 794 (3d Cir. 1995).

Although a settlement class must satisfy the requirements of Rule 23, the Supreme Court has explained that the application of the rule differs in the settlement context. *Amchem Prods.*, 521 U.S. at 619-20. "[S]ettlement is relevant to class certification. … Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems … for the proposal is that there be no trial." *Id.*

For a class to be certified, the class must satisfy the four prerequisites found in Rule 23(a) and also conform to one of the three categories of Rule 23(b). *See Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 623 (5th Cir. 1999).

#### A. The Requirements Of Rule 23(a) Have Been Satisfied

Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). These four requirements are commonly referred to as numerosity, commonality, typicality, and adequacy of representation. All four requirements are met here.

##### 1. The Numerosity Requirement is Satisfied for Purposes of Certifying the Settlement Class and the Subclasses

The numerosity requirement is easily satisfied in this matter. The Settlement Class includes at least hundreds of individuals who have used a credit or debit card at Defendant's place of business since December 6, 2007. Thus, the Settlement Class is so numerous that joinder of all

members is impracticable. *See*, *Sagers v. Yellow Freight System, Inc.*, 529 F.2d 721, 734 (5th Cir. 1976) (stating that a class as small as 110 members can be certified); *Mullen*, 186 F.3d at 624 (finding that a class of 100 to 150 members "is within the range that generally satisfies the numerosity requirement").

### 2. The Commonality Requirement is Satisfied for Purposes of Certifying the Settlement Class and the Subclasses

The Settlement Class and each of the subclasses possess the requisite commonality. "The test for commonality is not demanding and is met where there is at least one issue, the resolution of which will affect all or a significant number of the putative class members." *Mullen*, 186 F.3d at 625; *see also Lightbourn v. County of El Paso*, 118 F.3d 421, 426 (5th Cir. 1997). In this case, common issues of law and fact are readily identifiable in the Settlement Class. Common issues present here include, among others, the following:

- whether the Defendants' practice of printing credit and debit card receipts violates 15 U.S.C. § 1681c (g)(1);
- whether 15 U.S.C. § 1681c (g)(1) is ambiguous as it relates to the printing of expiration dates;
- whether Defendant's violation was willful;
- whether Defendant is liable for attorney's fees; and
- whether the court should enjoin Defendant from further violating 15 U.S.C. § 1681c (g)(1).

Thus, the commonality requirement is easily satisfied here.

### 3. The Typicality Requirement is Satisfied for Purposes of Certifying the Settlement Class

The typicality requirement imposed by Rule 23(a)(3) is also satisfied. "Like commonality, the test for typicality is not demanding. It 'focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent." *Mullen*, 186 F.3d at 625; *see also Lightbourn*, 118 F.3d at 426.

Here, the legal and remedial theories of the named representative and the unnamed class members are identical.  All class members' claims arise from a single alleged practice or course of conduct:  Defendant's printing of a receipt for its credit and debit card transactions that Defendant provided to the cardholder at the point of sale or transaction that included more than the last 5 digits of the card number.  All class members assert the same legal and remedial theories, alleging that Defendant's practice violates FACTA.  Thus, the typicality requirement is easily satisfied here.

### 4.     Plaintiffs Will Fairly And Adequately Represent The Class

The adequacy requirement relates to both class counsel and the class representatives. *Amchem Prods.*, 521 U.S. at 625-27; *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 472 (5th Cir. 1986).  Here, class counsel is an experienced member of the Texas bar who has experience in class action litigation. *See* Declaration of Jeffrey Weinstein, attached hereto as Exhibit A. Class counsel have provided excellent representation to the class in prosecuting their claims and will continue to do so.

In addition, the class representative has interests that are identical to, and have been injured in the same manner as, the unnamed class members; they have provided and will continue to provide excellent representation to the class.  *See Mullen*, 186 F.3d at 625.  There are no potential conflicts within the class.  There are no disabling conflicts among the members of the Settlement Class and no issues of allocation between present and future claimants.

### B.     The Requirements Of Rule 23(b)(2) Have Been Satisfied

Fed. R. Civ. P. 23 (b)(2) merely requires the following showing:

> [T]he party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

This case easily meets this requirement.  Plaintiff alleges that Defendant has acted on grounds generally applicable to the class, by printing receipts for its credit and debit card transactions that Defendant provided to the cardholder at the point of sale or transaction, some of which allegedly included more than the last 5 digits of the card number.  As a result, the parties have agreed that the

appropriate final relief shall be BOTH injunctive relief AND corresponding declaratory relief with respect to the class as a whole.  Thus, the requirements of Rule 23(b)(2) are easily met.

### C. A Rule 23(b)(2) Class Is Appropriate Because An Injunction And Declaratory Judgment Are The Primary Relief Sought By Plaintiff

The proposed settlement calls for a Rule 23(b)(2) injunctive/declaratory judgment class, with a waiver of statutory, punitive, and other damages, but no waiver of actual economic damages.  The settlement agreement provides that "The primary relief sought by Plaintiff is to prevent Defendant from further violations of 15 U.S.C. § 1681c (g)(1).  Any potential statutory damages recoverable in this case would be incidental to an injunction because FACTA establishes a fixed sum as statutory damages."  Importantly, the settlement provides that each class member other than Plaintiff shall retain the right to sue Defendant for their actual economic damages, if any, suffered as a result of Defendant's violation of FACTA.

A Rule 23(b)(2) injunctive/declaratory judgment class is appropriate even though class members will waive their right to statutory and other damages under FACTA:

> A class action seeking injunctive and declaratory relief may also include a claim for monetary relief, and the judge must decide whether a class should be certified under Rule 23(b)(2) or (b)(3). … [W]here the damages flow directly from the equitable remedy, without the need for individual calculation, some courts have held that Rule 23(b)(2) is the only standard that must be met. …
>
> *See Allison* [*v. Citgo Petroleum Corp*., 151 F.3d 402 (5th Cir. 1998);], at 414–15, and cases cited therein. Damages would be incidental to an injunction when a statute serving as the basis for an injunction also establishes a fixed sum as damages. *Robinson v. Metro-North Commuter R.R.*, 267 F.3d 147, 164 (2d Cir. 2001) (holding that Rule 23(b)(2) certification is permissible if the district court finds that "'the positive weight or value [to the plaintiffs] of the injunctive or declaratory relief sought is predominant even though compensatory or punitive damages are also claimed'" … ).

Manual For Complex Litigation 4th § 21.221, p. 269.  That is exactly the case here.  The statute serving as the basis for the injunction, FACTA and the Fair Credit Reporting Act, provides a fixed sum as statutory punitive damages.  Yet, the settlement severs out any class member claims for actual economic damages.  Courts across the country have followed the Fifth Circuits *Allison* rule

and certified Rule 23(b)(2) injunction classes with a waiver of statutory damages, particularly in cases, like this one, where the settlement reserves class member's rights to seek actual damages. *See*, *e.g.*, *Assoc. for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 465 (S.D. Fla. 2002). Thus, class member rights to actual economic damages are not affected by the settlement, and a Rule 23(b)(2) class is appropriate.

## IV. CONCLUSION AND PRAYER

For the reasons stated above, the Plaintiffs pray that their motion for certification of a Settlement Class and four subclasses be granted in its entirety.

Respectfully submitted,

/S/JEFFREY L. WEINSTEIN
**JEFFREY L. WEINSTEIN**
Texas State Bar No. 21096450
518 East Tyler Street
Athens, TX 75751
903/677-5333
903/677-3657 – facsimile

**ATTORNEY FOR PLAINTIFF AND THE CLASS**

**ATTORNEY CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2008, I have made service of the foregoing on the party(s) listed below in the manner indicated:

| | |
|---|---|
| Michael Youtt | |
| King & Spalding LLP | ☐ U.S. Mail |
| 1100 Louisiana Street | ☐ Facsimile |
| Houston Texas 77022 | ☐ Hand Delivery |
| | ☐ Overnight Courier |
| Phyllis B. Sumner | ☐ Email |
| Misty M. Speake | ☒ Electronically via USDC CM/ECF system |
| Frederica Joy White | |
| King & Spalding, LLP | |
| 1180 Peachtree Street | |
| Atlanta, Georgia 30309 | |

*/s/*JEFFREY L. WEINSTEIN