IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

|  |  |
|---|---|
|  | CASE NO. 6:08-CV-00009-BI <br> Honorable Philip R. Lane <br> JURY |
| BRIAN STAUFFER, Individually And On Behalf Of All Other Persons Similarly Situated, <br><br> Plaintiffs, <br><br> VS. <br><br> SHANNON MEDICAL CENTER <br><br> Defendant. | § § § § § § § § § § § § § |

**JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiff BRIAN STAUFFER ("Plaintiff") and Defendant SHANNON MEDICAL CENTER ("Defendant"), through their respective counsel, submit this Joint Motion for Final Approval of a Class Action Settlement pursuant to Federal Rule of Civil Procedure 23(e). The Stipulation and Agreement of Compromise and Settlement (the "Agreement") that has been negotiated by and among the parties is on file as Doc. 34. The Agreement meets the prerequisites for final approval under Rule 23(e).

**I.    INTRODUCTION AND FACTUAL BACKGROUND**

In 2003 Congress enacted the Fair and Accurate Credit Transactions Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud. One section of FACTA provides:

1

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

15 U.S.C. § 1681c (g)(1).

Defendant regularly accepts credit and debit card charges as payment in its business. Defendant regularly provides receipts of credit and debit card transactions to the cardholder at the point of sale or transaction. Plaintiff filed this cause against Defendant alleging that on and after December 4, 2006, Defendant printed a receipt for its credit and debit card transactions that Defendant provided to the cardholder at the point of sale or transaction that included more than the last 5 digits of the card number and the expiration date.

Defendant vigorously denies any and all allegations of liability or wrongdoing. Specifically, and without limitation, Defendant asserts that Plaintiff lacks standing to assert a claim in the absence of actual damages, that Defendant took significant actions to comply with the statute and to properly truncate credit card receipts, and that Defendant did not willfully violate the statute. Defendant further asserts that a litigation class, as opposed to a settlement class, is not appropriate in this case.

On September 24, 2009, Doc. 35, the court preliminarily approved the settlement. Objections were due November 4, 2009, 15 days before the fairness hearing. No objections were filed. The parties now seek a final order approving the class action settlement.

## II. THE SETTLEMENT

### A. Definition of the Settlement Class

The Agreement provides that for purposes of the settlement only, the Action shall be certified as a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(2), defined as follows:

> All individuals who used their credit or debit card within the United States in any sale or transaction occurring after December 4, 2006,

with SHANNON MEDICAL CENTER. Specifically excluded from the class are all federal judges and members of their families within the first degree of consanguinity, and the officers, directors and counsel of record of Defendant.

Plaintiffs are concurrently filing a motion for certification of the Settlement Class. Defendant has reviewed the motion and does not oppose it.

### B. Injunctive relief to the class

Under the terms of the proposed settlement, the Court would enter a permanent injunction ordering Defendant to cease and desist from printing more than the last 5 digits of a credit or debit card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction. This relief provides the primary benefit to class members intended by the statute: the elimination of receipts that contain information which could lead to identity theft.

### C. Declaratory relief to the class

Under the terms of the proposed settlement, the Court would also enter a declaratory judgment that Defendant has negligently violated 15 U.S.C. § 1681c (g)(1) to the extent that it printed a limited number of receipts between December 4, 2006, and April 3, 2008, containing either more than the last five digits of a credit/debit card account number or an expiration date, and that any class member who has suffered actual economic damages caused as a result of Defendant's printing of a receipt in violation of 15 U.S.C. § 1681c (g)(1) is entitled to bring a separate individual action to recover those actual economic damages, plus attorneys fees, from Defendant. The declaratory relief benefits class members because (1) Defendant contends that it did not violate the statute, (2) Defendant contends that if it did violate the statute, it was not negligent in doing so, and (3) any class members who suffered actual economic damages because Defendant printed a receipt that violated FACTA will have an easier path to collecting actual economic damages.

### D. Additional Benefits to the Settlement Class

In addition to the injunctive and declaratory relief, the Agreement provides for additional benefits to the Settlement Class. These benefits are set forth below.

#### a. Attorneys fees and expenses

The Agreement provides that as an additional benefit to the Settlement Class, any attorneys' fees and expenses awarded to Class Counsel shall be paid by Defendant and shall not diminish the benefits of the proposed settlement to the Settlement Class, provided that: (1) judicial approval of the settlement has been obtained; and (2) Class Counsel apply to the court, and the court approves, an award of attorneys' fees and expenses in an amount not to exceed $35,000.

#### b. Notice and administration costs

The Agreement provides that the costs of any notice or administration of the Settlement will be borne by Defendant, that Defendant will be responsible for structuring any notices in accordance with any court order, and that Plaintiff, the members of the Settlement Class, and Class Counsel shall have no responsibility for any such costs, regardless of whether the proposed settlement is consummated.

#### c. Donations to charity

Defendant also agrees to pay $5,000.00 to the United Way and $5,000.00 to the Association for Neurologically Impaired Children.

### E. Incentive award to Plaintiff

Defendant agrees to pay the named Plaintiff for services as class representative a sum not to exceed $1,000.

### F. Dismissal and Release of Claims

In exchange for the consideration set forth in the Agreement, Plaintiff and the members of the Settlement Class shall dismiss the Action with prejudice and release their claims for WILLFUL violations of the statute. Class Members other than Plaintiff shall retain their right to bring

individual claims against Defendant under 15 U.S.C. § 1681o for NEGLIGENT violations of 15 U.S.C. § 1681c (g)(1) that resulted in actual economic injury.

### III. THE SETTLEMENT SHOULD RECEIVE FINAL APPROVAL

#### A. The Proposed Settlement Is The Result Of Arm's Length, Adversarial Negotiations, Not Fraud Or Collusion.

The proposed settlement was reached following intensive negotiations. These negotiations were at arm's length and, although conducted in a professional manner, were adversarial. The parties were willing to explore the potential for a settlement of the dispute, but each side was also fully committed and prepared to litigate its claims through trial and appeal if a settlement had not been reached.

The proposed settlement was reached at the end of a process that was the antithesis of being fraudulent or collusive. To the contrary, counsel for Plaintiffs and for Defendant aggressively advanced their respective positions throughout the settlement negotiations. The negotiations were conducted, as discussed below, after considerable investigation and analysis by highly capable and experienced Class Counsel. The result is a fair, reasonable, and adequate settlement for the Plaintiff and the members of the Settlement Class.

#### B. The Proposed Settlement Serves To Avoid Highly Complex, Expensive, And Protracted Litigation

The legal and factual issues before this Court are numerous and complex, and many of the legal issues are novel and have not been resolved previously. Among the legal issues raised by this Action are (a) whether consumers who suffered no actual harm have standing to file a suit for statutory penalties under FACTA; (b) whether FACTA prohibits the printing of the card's expiration date; (c) whether Defendant knowingly, recklessly, or willfully violated FACTA. In addition, Plaintiff faced considerable risk that a class would not be certified, thus prohibiting the only realistic means of redress for virtually all class members.

As discussed in more detail below, it is highly uncertain how the Plaintiffs' claims would have fared in litigation. In contrast, there can be no doubt that litigation of the Plaintiffs' claims

would be lengthy and expensive for both sides. Given the amounts potentially at issue, Defendant was prepared and highly motivated to defend this Action aggressively through trial and, if necessary, any appeal. Similarly, the Plaintiffs were ready, willing, and able to litigate their claims vigorously.

In sum, litigation of this matter through trial and appeal would have been lengthy, contentious, and expensive. At the end of that process, class members might have received nothing, and, even if Plaintiffs had prevailed, class members would likely have had to wait several years to receive any relief. Through the proposed settlement, in contrast, class members will receive substantial relief right away and will not have to bear the risk of an unfavorable judgment.

### C. The Class Counsel Recommend Settlement After Exhaustive Analysis Of The Issues And Risks Facing Plaintiff And The Class.

Although this Action has itself been pending for a short time, the Class Counsel have undertaken extensive investigation and legal analysis of the issues in this case before filing suit. Class Counsel have conducted investigation and discovery to determine the strengths and weaknesses of their claims and the potential defenses thereto and the amount of potential damages. Class Counsel have analyzed dozens of similar FACTA cases across the country and believe the proposed settlement is the best balance between ensuring that the class gets the benefits of the statute with the risks that continued litigation would result in the class receiving no relief.

### D. Continued Litigation Poses Substantial Risks To The Class, Making The Proposed Settlement Plainly Reasonable In Light Of Its Value To The Class And The Range Of Potential Outcomes.

The relief provided to the Settlement Class by the proposed settlement is significant and substantial. Defendant has agreed to an injunction that (1) clearly and unequivocally orders Defendant to cease and desist from printing more than the last 5 digits of a credit or debit card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction, so cannot be challenged for vagueness, (2) clearly puts Defendant on notice of the requirements so that proof of a willful violation will be easier should the Defendant violate the statute in the future, (3) lends itself to easier class certification in the event Defendant violates the

injunction, and (4) provides for the recovery of attorney's fees in the event Defendant violates the injunction, even if the violation is not willful or negligent.

In addition, Defendant has agreed to a declaratory judgment that Defendant has negligently violated 15 U.S.C. § 1681c (g)(1) to the extent that it printed a limited number of receipts between December 4, 2006, and April 3, 2008, containing either more than the last five digits of a credit/debit card account number or an expiration date. For any class members who suffered actual economic damages as a result of Defendant's printing a receipt that violated FACTA during this time period, this eliminates a significant hurdle in their pursuit of collecting actual economic damages. In the absence of this provision, class members who suffered actual economic damages because Defendant printed a noncompliant receipt would also have to prove that Defendant's printing of the non-compliant receipt was a negligent violation of FACTA in order to receive any relief.

In addition, Defendant has agreed to pay Class Counsel $35,000 in attorneys' fees and expenses, without diminishing the benefits made available to the Settlement Class, provided that the court approves both the proposed settlement and Class Counsel's fee application. Moreover, Defendant has agreed to bear the cost of notice and administration of the proposed settlement.

In contrast to the certain financial benefits of the proposed settlement for the members of the Settlement Class, continued litigation would involve substantial risks for class members. The Plaintiffs' claims in the Action rest upon a number of legal contentions that are unresolved, unsettled, and uncertain (as set forth above). If the Plaintiffs were unable to prevail on these theories, a judgment would be entered for the Defendants, and class members would receive nothing.

Although Plaintiffs and their counsel believe that it is possible that they would ultimately have prevailed in litigation, the result was highly uncertain. In light of these defenses and others, the Plaintiffs recognized that the risks of litigation are substantial. The settlement, in contrast, offers a guaranteed, significant value to the class that fairly and reasonably accounts for the very real risks of continued litigation.

In sum, the terms of the proposed settlement represent a fair and objective assessment of the value of the Plaintiffs' claims, taking into account the substantial defenses to the claims in the Action, the chances of prevailing on the merits, the expense of litigation, and other risks inherent in litigation. In light of these factors, the proposed settlement is plainly within the range of a fair, reasonable and substantial settlement.

### E. The Named Plaintiff And Class Counsel Strongly Support The Proposed Settlements.

The named plaintiff representing the class in the Action and Class Counsel unequivocally support the proposed settlement. Class Counsel were prepared to litigate the claims in the Action, but they accepted and strongly support the settlement as being in the best interests of the class. Class Counsel is a respected member of the bar with a strong record of vigorous and effective advocacy for clients, and is experienced in handling complex class action litigation.

## IV. THE COURT SHOULD APPROVE THE MANNER AND FORM OF NOTICE TO THE SETTLEMENT CLASS

The notice to the members of the Settlement Class agreed to by the parties, and set forth in the Agreement, satisfies the requirements of Rule 23. Rule 23(c)(2)(A) provides that for a Rule 23(b)(2) class, like this one, individual notice is not necessary: "For any class certified under Rule 23(b)(1) or (2), the court may direct appropriate notice to the class." The manner of notice set forth in the Agreement is "the best notice practicable under the circumstances" and should be approved by the court. The parties therefore request that this court approve the manner of notice to the Settlement Class.

Individual notice is not required in this case because it will be certified under Rule 23(b)(2), not Rule 23(b)(3):

> A court must decide whether and how to provide notice in Rule 23(b)(1) and (b)(2) actions. It may be preferable in some cases to forego ordering notice if there is a risk that notice costs could outweigh the benefits of notice, deterring the pursuit of class relief. If notice is appropriate, it need not be individual notice because, unlike a Rule 23(b)(3) class, there is no right to request exclusion from Rule 23(b)(1) and (b)(2) classes.

Manual of Complex Litigation 4th § 21.311, at 287. Although some type of notice is required for settlements, the requirements are the same as for litigation class notices:

> In general, settlement notices should be delivered or communicated to class members in the same manner as certification notices (see section 21.311).

*Id.* § 21.312 at 294. The proposed notice here is "the best notice practicable under the circumstances" and should be approved by the court.

The Fifth Circuit approves of this approach. The Manual provides:

> [W]here the damages flow directly from the equitable remedy, without the need for individual calculation, some courts have held that Rule 23(b)(2) is the only standard that must be met.

*Id.* at 269, citing *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402 (5th Cir. 1998). Under *Allison*, damages would be incidental to an injunction when a statute serving as the basis for an injunction also establishes a fixed sum as damages. That is exactly the case under FACTA.

## V. CONCLUSION

For the reasons set forth above, the proposed settlement should be finally approved as fair, reasonable and within the range of possible judicial approval.

Respectfully submitted,

_____
**JEFFREY L. WEINSTEIN**
**JEFFREY L. WEINSTEIN, P.C.**
State Bar No. 21096450
518 East Tyler Street
Athens, TX 75751
903/677-5333
903/677-3657 – facsimile
Jeff@LonghornLawyer.com

**MICHAEL W. YOUTT**
**KING & SPALDING LLP**
Texas Bar No. 00792315
myoutt@kslaw.com
1100 Louisiana, Suite 4000
Houston, TX 77002-5213
Telephone: (713) 751-3200
Facsimile: (713) 751-3290

Phyllis B. Sumner, *pro hac vice*
Georgia Bar No. 692165
psumner@kslaw.com
Misty M. Speake, *pro hac vice*
Georgia Bar No. 670046
mspeake@kslaw.com
Frederica Joy White, *pro hac vice*
Georgia Bar. No. 754300
jwhite@kslaw.com
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
Telephone: (404) 572-4600
Facsimile: (404) 572-5140

Paul Stipanovic
**GOSSETT, HARRISON, REESE, MILLICAN & STIPANOVIC, PC**
Texas Bar No. 00795669
PaulS@ghtxlaw.com
P. O. Drawer 911
San Angelo, TX 76902-0911
Telephone: (325) 653-3291

*ATTORNEYS FOR SHANNON MEDICAL CENTER*